No. 80–1457. HARDIN v. PITNEY-BOWES, INC. C. A. 6th Cir. Certiorari denied. 

JUSTICE REHNQUIST, dissenting.

The petitioner in this case brought suit under the Age Discrimination in Employment Act of 1967, 29 U. S. C. § 621 *et seq.*, alleging that respondent had unlawfully discharged him from his job. The District Court granted respondent's motion for summary judgment and the Court of Appeals for the Sixth Circuit affirmed. 636 F. 2d 1217 (1980). Chief Judge Edwards dissented, reasoning that summary judgment is improperly invoked where, as here, the defendant's motive and intent in discharging the plaintiff is at issue. Because I believe that petitioner raised a triable issue of fact under the Federal Rules of Civil Procedure, I believe that it was error to grant respondent's motion for summary judgment. Accordingly, I would grant the petition for certiorari in order to give the case plenary consideration.

It has long been established that it is inappropriate to resolve issues of credibility, motive, and intent on motions for summary judgment. It is equally clear that where such issues are presented, the submission of affidavits or deposi-

tions is insufficient to support a motion for summary judgment. In *Arnstein* v. *Porter*, 154 F. 2d 464, 469 (1946), for example, the Court of Appeals for the Second Circuit fully explored the circumstances in which summary judgment could be granted and concluded that "[a]lthough part of plaintiff's testimony on deposition (as to 'stooges' and the like) does seem 'fantastic,' yet plaintiff's credibility, even as to those improbabilities, should be left to the jury." And this Court has recently questioned the propriety of deciding defamation cases on summary judgment where the defendant's state of mind is called into question under the "actual malice" standard. *Hutchinson* v. *Proxmire*, 443 U. S. 111, 120, n. 9 (1979); *Wolston* v. *Reader's Digest Assn., Inc.*, 443 U. S. 157, 161, n. 3 (1979). Likewise in this case, I agree, substantially for the reasons set forth by Chief Judge Edwards in his dissent, that petitioner raised a triable issue of fact as to the reasons for his discharge.

This case illustrates the frequency with which courts misapprehend the rule against summary judgment. In *Butz* v. *Economou*, 438 U. S. 478 (1978), for example, this Court held that top-level federal officials had only a qualified or good-faith immunity, such as that accorded in *Scheuer* v. *Rhodes*, 416 U. S. 232 (1974), against damages suits for malicious institution of administrative proceedings. The Court went on, however, to reassure that such litigation could still be disposed of summarily. The Court asserted:

> "[D]amages suits concerning constitutional violations need not proceed to trial, but can be terminated on a properly supported motion for summary judgment based on the defense of immunity. See 416 U. S., at 250. In responding to such a motion, plaintiffs may not play dog in the manger; and firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits." 438 U. S., at 508 (footnote omitted).

For the reasons stated above and demonstrated by this case, I believe that view is wrong. Summary judgment simply may not be granted when such matters as the defendant's motive and intent are questioned. Thus in any suit where the defendant is not accorded *absolute* immunity, so that the defendant's state of mind is at issue, it will not require an ingenious advocate to force a trial of the case. It seems to me that even the most frivolous lawsuits filed against top-level federal officials will have to be tried. Indeed, that is one reason why I dissented in *Butz* v. *Economou, supra,* at 517 (concurring in part and dissenting in part), and remain convinced that the case was wrongly decided.

Just as summary judgment is inappropriate in qualified-immunity cases and in defamation cases, it is inappropriate here. Because petitioner raised issues going to respondent's motive and intent, it was error to grant the motion for summary judgment. Accordingly, I dissent from the denial of the petition for certiorari.